Filed 6/21/16  In re Kane W. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| In re KANE W., a Person Coming Under the Juvenile Court Law. | |
| --- | --- |
| THE PEOPLE, | D068277 |
| Plaintiff and Respondent, | (Super. Ct. No. J236505) |
| v. | |
| KANE W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Leo Valentine, Jr., Judge.  Affirmed.

Amy Parekh, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

A petition was filed with the juvenile court under Welfare and Institutions Code section 602, alleging that Kane W. committed misdemeanor vandalism (Pen. Code,[1] § 594, subd. (a)(b)(1), a misdemeanor pursuant to section 17, subdivision (b)(4)). After an adjudication hearing, the juvenile court sustained the petition, declared Kane a ward of the court, and ordered him to juvenile probation. Kane W. appeals contending insufficient evidence supported the court's finding that he committed misdemeanor vandalism. We reject this contention and affirm.

## FACTS

In the morning on the day of the incident in question, Kane's truck was parked next to the car of his classmate, Edward D., in their high school parking lot. Edward left campus for lunch, and when he returned parked so that part of his car was sticking out of the parking space. Later that day, Edward discovered a large dent on the fender of his car. Edward saw two shoe marks on the fender, and saw no other damage on his vehicle. The next day, Edward reported the damage to the school's police resource officer, Patrick Fanene.

Fanene interviewed several students as part of his investigation. Some of the students told Fanene that they saw Kane open his truck door into Edward's car several times, causing damage. Another student, Cole T., said he saw Kane damage Edward's car in the morning by kicking the front end.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Kane was arrested and charged with vandalism.  At the adjudication hearing on the charge, several witnesses testified that they saw Edward's car between the time of the alleged kicking and when Edward discovered the damage.  Those witnesses noticed no damage to Edward's car.  Cole testified that he lied to Fanene, and had only heard that Kane kicked Edward's car, but did not see it for himself.

At the conclusion of the hearing, the juvenile court found Kane had vandalized Edward's car.  The court reconciled its finding with Cole's retraction by stating it did not believe that Officer Fanene was "gravely mistaken or deliberately misrepresenting to the court what took place at the interview," or that Kane's friends "misrepresented to the police as well as the court what took place."

## DISCUSSION

It is uncontested that Edward's fender was damaged.  Kane contends that there was insufficient evidence to support the juvenile court's finding that he caused the damage to Edward's fender by kicking it or hitting it with his truck door.

## I

One is guilty of vandalism if he or she maliciously damages another's property worth $400 or more.  (§ 594, subd. (b)(1).)  This court evaluates challenges to the sufficiency of evidence under the substantial evidence standard of review.  We review the entire record in the light most favorable to the judgment and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  (*People v. Johnson* (1980) 26 Cal.3d 557, 576; italics omitted.)  This court cannot reweigh the evidence or make credibility decisions.  (*People v. Young*

3

(2005) 34 Cal.4th 1149, 1181 (*Young*).) One witness's testimony, believed by the trier of fact, is substantial evidence unless physically impossible or apparently false without resorting to inference or deduction. (*People v. Scott* (1978) 21 Cal.3d 284, 296; *People v. Barnes* (1986) 42 Cal.3d 284, 305-306.)

## II

Kane argues that the theory he damaged Edward's vehicle by hitting it with his car door is inherently improbable. However, we need not address this theory, because there is substantial evidence Kane damaged Edward's car by kicking it, which is sufficient to affirm the juvenile court's finding.

Kane argues that the theory he kicked Edward's vehicle at the time alleged is inherently improbable, and that Officer Fanene's testimony to that effect is insubstantial because witnesses who saw the vehicle between the time of the alleged kicking and when Edward discovered the damage, saw no damage. If it were true, that the damage on the fender was not present after the time of the alleged kick, the evidence the kick occurred would be inherently improbable and therefore insubstantial. (*Young, supra,* 34 Cal.4th at p. 1181.) However, to accept the absence of damage at that time as fact, would require this court to evaluate the credibility of the witnesses who testified to its absence. That determination was for the trial court to make. (*Ibid.*)

Kane also argues that Officer Fanene's testimony "[w]as undermined by Fanene's admission that he did not recall who said they saw the kick versus who said they only heard rumors." The record of Officer Fanene's testimony does not present as clear an undermining admission as Kane would suggest:

4

"Q:    And you included in your report that [Cole] said he observed the kick causing damage. is that because that's what he said?

"A:    That's what he said.

"Q:    Did he tell you if that was only what he had heard had happened?

"A:    I -- I don't recall. I -- I don't recall what he -- what I -- what I recall is that he told me he saw him kick the vehicle.

"Q:     Did he tell you if that kick caused damage?

"A:    Yes, he did."

Officer Fanene's testimony was equivocal, but could be fairly interpreted to support the juvenile court's finding. From this record, the juvenile court could have reasonably found his testimony credible or not. The trier of fact is present to evaluate the demeanor of witnesses and therefore better equipped to determine their credibility than this court. As a result, the law requires that we defer to the trial court's evaluation of Officer Fanene's credibility and his testimony's weight against contrary evidence. (*Young, supra,* 34 Cal.4th at p. 1181; *People v. Johnson, supra,* 26 Cal.3d at p. 577.) For the same reason, evidence that Cole lied to Fanene or Edward's poor parking job exposed his vehicle to other potential sources of harm is of no consequence on appeal.

The juvenile court accepted as true Edward's testimony there was damage and accepted Officer Fanene's version of Cole's statement. Accepting that evidence as true, it is sufficient substantial evidence to support the true finding.

DISPOSITION

The true finding and disposition orders are affirmed.

                                                       HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

PRAGER, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.